

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-7514

Re: Is the Assistant Cashier of a
bank ineligible to serve as
a member of the board of trus-
tees of the school district,
which bank is serving as
the depository?

We are in receipt of your request for an opinion on the following question: "Is the Assistant Cashier of a bank ineligible to serve as a member of the board of trustees of the school district, which bank is serving as the depository?" You have informed us that the Assistant Cashier is neither a stockholder nor a director of this bank.

You have further advised us, on request, the duties of the Assistant Cashier in the following language, which we quote:

"For your information, I must advise that our Board of Directors has never defined the duties of an assistant cashier, but it has been our custom for the Board of Directors to determine the policy of operating the Bank and that the Assistant Cashier acts under the direction and instruction of the Directory and Executive Officers. His duties are principally clerical and as personnel manager. He also acts as Teller.

"The position of Assistant Cashier has never been an executive position with this Bank, although he acts in the absence of the Cashier, but calls on some Director for instructions or authority in handling the duties of an executive officer."

The Attorney General's Department, in an opinion dated September 16, 1929, to Honorable S. M. N. Marrs, State Superintendent of Public Instruction, with which you are familiar, ruled that a stockholder or director of a corporation serving as depository or treasury of an independent school district would be

Honorable T. M. Trimble, Page 2

ineligible to serve as trustee for said school district. That ruling has been consistently followed.

The Commission of Appeals of Texas in Hewitt v. First National Bank, 252 S. W. 161, has held that the "cashier" of a bank is usually its chief executive officer, and in the scope of his official duty he is the bank.

The status and duties of the Assistant Cashier, are not as clear-cut as those of cashier.

In our search for the meaning of the word "assistant" we find the following definition in 18 C. J. 1346:

"An assistant is one that stands by and aids or helps another in the performance of the latter's duties."

We find the term further defined in 7 C. J. S. 14, as follows:

"* * * The noun (Assistant) has been defined as meaning one who helps, aids, or assists; one who stands by and aids or helps another; also a subordinate of one in an official position. * * * The word in the plural has been sometimes held to mean officers, but also it has been held that the term implies a presumed absence of authority to use discretionary power."

In view of the information you furnished us that the Board of Directors has never defined the duties of Assistant Cashier, we are unable to answer your question categorically. The possession of any executive powers would disqualify him. If the duties of Assistant Cashier are such that he acts in the stead of Cashier, even in the latter's absence, he would be ineligible to serve as Trustee of the School District, if such Bank were serving as Depositor, the duties of such positions being incompatible. If the duties of Assistant Cashier are purely clerical and he acts under the instructions of one of the Executive Officers, he would be eligible to maintain his job in the Bank, even though the Bank is serving as Depositor for the School District.

Under the facts submitted, it is therefore our opinion that the eligibility of the Assistant Cashier of the Bank, which is Depositor for the School District, would depend on the duties and authority vested in him.

If there is any executive authority vested in such Officer, it would contravene the prohibition against public policy

Hon. T. M. Trimble, Page 3


that an Officer may serve in a dual capacity.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

W. P. Watts
Assistant

WPW/JMc

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN